IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHARLES RUDOLPH, M.D., | ) | Civ. No. 07-00225 SOM-BMK |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND RELATED NON-TAXABLE COSTS BE DENIED |
| TOPSIDER BUILDING SYSTEMS, INC., a North Carolina Corporation; JOHN DOES 1-50; JANE DOES 1-50; and DOE CORPORATIONS, PARTNERSHIPS, or OTHER ENTITIES 1-50, | ) | |
| Defendants. | ) | |

SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND RELATED NON-TAXABLE COSTS BE DENIED

Defendant Topsider Building Systems, Inc. ("Topsider") has filed a motion for attorneys' fees and costs against Plaintiff Charles Rudolph, M.D. ("Rudolph"). For the reasons stated herein, the Special Master RECOMMENDS that Topsider's motion be DENIED.

BACKGROUND

Topsider and Rudolph entered into a sales agreement on January 20, 2001, and a related Design Services Agreement ("DSA") on February 13, 2001.

1

Topsider, a North Carolina company, then shipped the manufactured house components to Rudolph, a citizen of Hawaii. In 2004, Rudolph advised Topsider that he was unhappy with the components. The parties engaged in negotiations until Topsider filed a demand for mediation with the American Arbitration Association on February 27, 2007. In turn, Rudolph filed a complaint with this Court on April 30, 2007. Topsider filed two motions to dismiss, one for lack of personal jurisdiction, and one to enforce the agreements' arbitration provisions. The Court denied Topsider's motion to dismiss for lack of personal jurisdiction, but granted Topsider's motion to compel arbitration, albeit noting that it was not simply compelling arbitration, but was more broadly ordering that the agreements' dispute resolution provisions be followed (hereinafter "Order Compelling Compliance").[1] Topsider now seeks attorney's fees and non-taxable costs as the prevailing party.

## DISCUSSION

I. APPLICABLE LAW

Attorney's fees should be awarded according to the substantive state law that has been applied in the case. See Champion Produce, Inc. v. Ruby

---

[1] In its Order Compelling Compliance, the Court noted that "[t]he agreements do not contain the typical arbitration provisions through which the parties agree to arbitrate all disputes arising out of a contract. To the contrary, the agreements have 'Dispute Resolution' provisions [which] call for escalating alternative dispute resolution techniques."

Robinson Co., Inc., 342 F.3d 1016 (9th Cir. 2003) ("An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." ); see also Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir. 1992) (" A federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case.").

Here, the Court applied North Carolina state law in dismissing Rudolph's complaint. The Court found that North Carolina was "the state with the most significant relationship to the parties and the subject matter," and that therefore, under Hawaii's choice-of-law rules, North Carolina law applied to the controversy over the parties' agreements. (Order Compelling Compliance, at 8.) North Carolina law governs not only the controversy over the agreement itself, but also the request for attorney's fees arising out of that controversy. See Airgo Inc. v. Horizon Cargo Transport, Inc., 66 Haw. 590, 595 (1983) (reversing the Hawaii trial court's award of attorney's fees under Hawaii law where Texas law applied to the underlying contract dispute, and remanding for a determination of whether attorney's fees were proper under Texas law). Accordingly, Topsider's request for attorney's fees will be analyzed under North Carolina Law.[2]

---

[2]Neither Rudolph nor Topsider express a preference as to whether the Court should apply Hawaii law or North Carolina law. Topsider claims that it is entitled to attorney's fees under either Hawaii law or North Carolina law, while Rudolph claims that the fee request should be denied or diminished regardless of the law that is applied.

## II. ATTORNEY'S FEES AND NON-TAXABLE EXPENSES

Topsider first claims it is entitled to attorney's fees and non-taxable expenses under N.C. Gen. Stat § 6-21.5. Section 6-21.5 provides that a prevailing party is entitled to attorney's fees where "the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." § 6-21.5. Because it is in "derogation of the common law," § 6-21.5 is strictly construed by North Carolina courts. Sunamerica Financial Corp. v. Bonham, 400 S.E.2d 435, 437 (N.C. 1991). Prevailing on a motion to dismiss, or on a motion for summary judgment, "is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award." § 6-21.5.

Here, Rudolph asserted that the arbitration provisions in the agreements were both procedurally and substantively unconscionable. Rudolph argued, among other things, that the provisions were one-sided and that compliance with them would be prohibitively expensive for him. While the Court ultimately determined that both these arguments without merit, they are arguments well-grounded in North Carolina law. Indeed, while the Court did dismiss Rudoloph's complaint, it did not grant Topsider the precise remedy it originally

sought, which was an order compelling arbitration. Rather, the Court was forced to construe the motion as one "seeking enforcement of the dispute resolution provisions in their entirety, not just of the arbitration provisions." (Order Compelling Compliance, at 4.) This alone indicates that some legitimate uncertainty existed regarding the status and applicability of the agreements' dispute resolution provisions, and that there was not the "complete absence of a justiciable issue of either law or fact" required for an award of attorney's fees under § 6-21.5.

Moreover, Topsider claims that Rudolph's initial participation in alternative dispute resolution measures, and Rudoloph's knowledge that the agreement *contained* ADR provisions, means that Rudolph also knew that these ADR provisions were valid and binding on him. Topsider provides no evidence to support this thesis, however, and the latter does not necessarily follow from the former.

As a fall-back position, Topsider also claims that it "is arguably entitled to its fees under NCGS §§ 1D-45 and/or 75-16.1." Under N.C. Gen. Stat. § 1D-45, attorney's fees are to be awarded for "the defense against [a] punitive damages claim, against a claimant who files a claim for punitive damages that the claimant knows or should have known to be frivolous or malicious." § 1D-45. Here, Topsider has produced no evidence indicating that Rudolph's

request for punitive damages was frivolous or malicious.  Just because Rudolph's claim was meritless, it does not necessarily follow that it was frivolous, much less malicious.

Under N.C. Gen. Stat. § 75-16.1, "the presiding judge may, in his discretion," award attorney's fees where the party instituting an action for unfair trade practices "knew, or should have known, the action was frivolous and malicious." § 75-16.1.  Although Rudolph did allege a violation of North Carolina's unfair trade practices act, Topsider has not provided any evidence indicating that Rudolph's action was frivolous or malicious, as previously discussed.  Accordingly, the Special Master RECOMMENDS that Topsider's request for attorney's fees and nontaxable expenses be DENIED.

## CONCLUSION

For the foregoing reasons, the Special Master FINDS that Topsider is not entitled to an award of attorney's fees under North Carolina law, and RECOMMENDS that Topsider's motion for attorney's fees and non-taxable expenses be DENIED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 21, 2007

Rudolph v. Topsider Building Systems, Inc.; Civ. No. 07-00225 SOM-BMK; SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND RELATED NON-TAXABLE COSTS BE DENIED.