IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES RUDOLPH, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TOPSIDER BUILDING SYSTEMS, ) <br> INC., a North Carolina Corporation; ) <br> JOHN DOES 1-50; JANE DOES 1- ) <br> 50; and DOE CORPORATIONS, ) <br> PARTNERSHIPS, or OTHER ) <br> ENTITIES 1-50, ) <br> ) <br> Defendants. ) <br> _____ ) | Civ. No. 07-00225 SOM-BMK <br><br> SPECIAL MASTER'S REPORT <br> RECOMMENDING THAT <br> TOPSIDER BE AWARDED COSTS |

SPECIAL MASTER'S REPORT RECOMMENDING THAT TOPSIDER BE
AWARDED COSTS

On August 20, 2007, Defendant Topsider Building Systems, Inc.

("Topsider") filed a bill of costs seeking $453.72 in photocopying costs from

plaintiff Charles Rudolph, M.D. ("Rudolph"). This amount represents 2,904

copies at $0.15 per copy. Rudolph objects to the bill of costs on the grounds that

(1) Topsider is not a prevailing party, (2) Topsider seeks costs incurred prior to the

date on which the federal action was filed, and (3) the bill of costs does not

adequately describe the costs incurred.

First, the Special Master concludes that Topsider is a prevailing party, and is entitled to costs under Rule 54(d) of the Federal Rules of Civil Procedure. Topsider prevailed on its motion to compel compliance with the contract's ADR provisions. As a result, the Court dismissed Rudolph's complaint. Under these circumstances, Topsider is the prevailing party, and is entitled to its costs.

Second, Rudolph claims that Topsider is not entitled to costs that pre-date the filing of Rudolph's complaint on April 30, 2007. The Special Master agrees. While Topsider's attorney declares that "Topsider has not requested any fees incurred in or as a result of the concurrent AAA proceedings," (Mem. Supp. Bill of Costs, Lee Decl. ¶ 6), the Special Master fails to see how Topsider could have begun to prepare for this litigation as early as 2004, especially given Topsider's contention that the action was improper and should never have been filed. Accordingly, the Special Master RECOMMENDS that Topsider not be awarded the $30.45 in copying costs that it incurred prior to the date on which Rudolph filed his complaint.

Finally, Rudolph claims that Topsider's bill of costs fails to comply with Local Rule 54.2(e)(4) because the declaration of Topsider's attorney and the attached itemization of costs do not constitute "an affidavit describing the documents copied," L.R. 54.2(e)(4). In response, Topsider's attorney declares that

"[a]mong other reasons for such copies, hard copies of each motion, the concise statement in support of the personal jurisdiction motion, and replies in support of each motion, in addition to all memoranda, declarations, affidavits and exhibits had to be made and sent to opposing counsel . . . and in duplicate to the Court." (Mem. Supp. Bill of Costs, Lee Decl. ¶ 8).

The Special Master recognizes that numerous photocopies were no doubt required in this case. At the same time, however, it is difficult for both Rudolph as well as the Court to assess the validity of those charges when there is only a vague, general description of the documents copied. Accordingly, the Special Master RECOMMENDS that Topsider's remaining costs of $405.15 be reduced by 30%. This leaves Topsider with $283.60 in copying costs, increased by the 4.16% excise tax to a total of **$295.39.**

For the foregoing reasons, the Special Master RECOMMENDS that Topsider be awarded **$295.39** in copying costs.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 21, 2007

Rudolph v. Topsider Buiding Systems, Inc.; Civ. No. 07-00225 SOM-BMK;SPECIAL MASTER'S REPORT RECOMMENDING THAT TOPSIDER BE AWARDED COSTS.

3